UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUANA TORRES-SOTELO | ) | No. 3:09-CV-01855-AVC |
|    Plaintiff | ) | |
| v. | ) | |
| MACKEYBOY AUTO, LLC | ) | |
|    Defendant | ) | November 2, 2010 |

**FIRST AMENDED MOTION TO DISMISS**

     Pursuant to Fed. R. Civ. Pro 15(a)(1)(A), Defendant Mackeyboy Auto, LLC submits its amended motion to dismiss, amended Memorandum of Law, and amended Supporting Affidavit.

     Pursuant to Fed. R. Civ. Pro. 12(b)(1), Defendant moves to dismiss this case for lack of subject matter jurisdiction, as follows:

     1.    Plaintiff based her allegation of federal jurisdiction for this matter solely on 15 U.S.C. §1640(e) of the Federal Truth in Lending Act ("TILA").

     2.    Only "creditors," however, are subject to TILA.  Section §1602(f) of the Act defines a "creditor" as a "person who regularly extends … consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." Id.

     3.    Section 226.2(a)(17)(v) of Regulation Z states that a person regularly extends consumer credit, as to transactions other than mortgage transactions, only if it extends such credit " …more than 25 times…in the preceding calendar year.  If a person did not meet these numerical standards in the preceding calendar year, the numerical standards shall be applied to the current calendar year…." 15 USCS Appx 12 CFR § 226.2.

4.	Reading the two sections together, TILA only applies to persons who have extended consumer credit in more than 25 transactions in a calendar year that either a) charge a finance charge, *or* b) are payable by written agreement in more than four installments (not including a down payment) *and* c) are the persons to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

5.	Pursuant to the attached amended affidavit in support of this amended motion, Mackeyboy does not normally charge finance charges, in other words interest on amounts due or any other charge not paid by customers in comparable cash transactions.  If any such finance charges were to be charged, they would only be charged in an agreement that was payable by the customer in more than four installments, not including the down payment.

6.	Pursuant to the exhibits attached to the supporting affidavit, Defendant did not enter into more than 25 installment purchase agreements in either 2008 or 2009, meaning an agreement in which

    a.	It charged a finance charge within the meaning of TILA, or

    b.	was payable in more than four installments (not including a down payment).

7.	Accordingly, Defendant is not a "creditor" within the meaning of TILA, no TILA action lies, this Court does not have subject matter jurisdiction, and this matter should be dismissed.

8.	An amended memorandum of law is attached hereto.

**WHEREFORE**, Defendant respectfully requests this case be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1).

          **DEFENDANT**

BY: _____/s/_____
Scott M. Charmoy, Esq.    CT15889
Charmoy & Charmoy
1261 Post Road, P.O. Box 804
Fairfield, CT  06824-0804
(203) 255-8100
scottcharmoy@charmoy.com

## **CERTIFICATION**

I hereby certify that on the above date a copy of the foregoing Appearance was served electronically through the Court's CM/ECF System upon Joanne S. Faulkner, Esq., Attorney for the Plaintiff, 123 Avon Street, New Haven, CT  06511.

          **DEFENDANT**

BY: _____/s/_____
Scott M. Charmoy, Esq.